UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMPBELL HARRISON & DAGLEY, LLP and CALLOWAY NORRIS BURDETTE & WEBER, PLLC, | § § § § | |
| *Plaintiffs / Garnishors*, | § § § | |
| v. | § § | Civil Action No. 3:17-CV-3312 |
| DAVID PICKETT, as Trustee of the Albert Hill Trust, | § § § | |
| *Defendant / Garnishee*. | § § | |

## ORIGINAL ANSWER OF GARNISHEE DAVID PICKETT, TRUSTEE OF THE ALBERT HILL TRUST

Garnishee David Pickett, Trustee of the Albert Hill Trust ("***Pickett***"), files this Original Answer to the Writ of Garnishment[1] sought by Campbell Harrison & Dagley, LLP and Calloway Norris Burdette & Weber, PLLC (collectively, "***CHD***"). CHD sought their Writ of Garnishment on December 6, 2017, the day before the funeral of Albert G. Hill, Jr. The Court issued the Writ of Garnishment on December 7, 2017. Pickett's counsel accepted service of the Writ of Garnishment on December 12, 2017.

Pickett files this Original Answer in his capacity as Trustee of the Albert Hill Trust.

## A. RELATED CASES BEFORE HONORABLE JUDGE SAM A. LINDSAY

This case arises from a judgment issued by United States District Judge Sam A. Lindsay in Civil Action No. 3:12-CV-4599-L, *Campbell Harrison & Dagley, LLP and Calloway Norris Burdette & Weber, PLLC v. Albert G. Hill, III, et al.*, United States District Court for the Northern District of Texas (Dallas Division) against Albert G. Hill, III ("***Hill III***") and his wife Erin Nance

---

[1]     Exhibit 1.

Hill ("*Erin*") in both their individual capacities and in their representative capacities on behalf of Albert G. Hill IV, Caroline M. Hill, and Nance H. Hill (collectively, the "***Judgment Debtors***"),

The judgment arose out of CHD's legal representation of Hill III in cases related to Civil Action No. 3:07-CV-02020, *Albert G. Hill, III v. William Schilling, et. al*., United States District Court for the Northern District of Texas (Dallas Division), which is currently before United States District Judge Sam A. Lindsay.

**B.**   **ADMISSIONS AND DENIALS**

Unnumbered Paragraph 1 – Page 1.  Pickett admits only that CHD filed this action applying for a Writ of Garnishment against Pickett as Trustee of the Albert Hill Trust.

## I.   PARTIES

1.     Pickett lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 1, but admits that CHD has appeared in this proceeding.

2.     Pickett admits only where he resides and regularly conducts business, but denies that his principal place of business is 3400 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201.

3.     Pickett admits that Hill III, Erin Nance Hill, Albert G. Hill IV, Caroline M. Hill, and Nance H. Hill are individuals who are domiciled at 981 Davis Drive, Atlanta, Fulton County, Georgia 30327.

## II.   APPLICATION FOR POST-JUDGMENT WRIT OF GARNISHMENT

4.     Pickett admits the averments in Paragraph 4 based upon a review of the judgment attached to ECF 1 as Exhibit A.

5.     Pickett lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 5.

6.      Pickett lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 6.

7.      Pickett denies the averments in Paragraph 7 except with respect to the averments in the second and third sentences that the Albert Hill Trust is an irrevocable trust settled in 1945 by Albert G. Hill and his wife Margaret Hunt Hill for the primary benefit of their son, Albert Galatyn Hill, Jr. who passed away on December 2, 2017.

8.      Pickett lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 8 except for the averment that CHD's Application for Writ of Garnishment is supported by the verification of Kenneth J. Fair.

Unnumbered Paragraph – Page 3.      This paragraph does not require a response; however, to the extent it does, Pickett denies the allegations therein and denies that CHD is entitled to relief.

## C.   **ANSWER**

### *1.   Indebtedness*

Albert G. Hill, Jr. ("**Hill Jr**.") died on December 2, 2017.   Hill Jr.'s Last Will and Testament, dated December 20, 2014 (the "**Will**"), is currently being probated in a case known as *Estate of Albert Galatyn Hill, Jr., Deceased*, Cause Number PR-17-04117-2, Probate Court No. 2, Dallas County, Texas (the "**Probate Action**").

In his Will, Hill Jr. exercised a power of appointment that he had with respect to the Albert Hill Trust in favor of the Al G. Hill, Jr. Family Foundation as follows:

2.1     Exercise of Powers of Appointment

*             *             *

(b)     I hereby exercise the power of appointment given to me under Article III, Section 3 of the **Albert Hill Trust**, dated the 10th day of April, 1945, in favor of the **Al G. Hill, Jr. Family Foundation** ("Foundation"), so that the Foundation

should succeed me as to all interests which I have in such
Trust estate;[2]

Accordingly, Hill III and the Judgment Debtors have no interest whatsoever in the Albert
Hill Trust.  Consequently, Pickett, as Trustee of the Albert Hill Trust, is not in possession of any
assets of the Judgement Debtors which CHD may garnish with respect to the Albert Hill Trust.

### 2.    *Personal Property*

Pickett, as Trustee of the Albert Hill Trust, is not in possession of any personal property of
the Judgement Debtors which CHD may garnish with respect to the Albert Hill Trust.

### 3.    *Other Persons Indebted*

Pickett, as Trustee of the Albert Hill Trust, is not aware of any other persons indebted to
the Judgement Debtors with respect to the Albert Hill Trust.

## D.    <u>REQUEST FOR JUDGMENT DISCHARGING GARNISHEE</u>

Pickett hereby requests that the Court enter judgment discharging Pickett as garnishee,
pursuant to Texas Rule of Civil Procedure 666.

## E.    <u>COSTS</u>

On December 15, 2017, Pickett's counsel made CHD's counsel aware of the fact that Hill
Jr. had in his Will exercised a power of appointment which he had with respect to the Albert Hill
Trust in favor of the Al G. Hill, Jr. Family Foundation, and therefore, Hill III had no interest in the
Albert Hill Trust, and forwarded CHD's counsel a copy of Hill Jr.'s Will and the Application for
Probate of Will and Issuance of Letters Testamentary which were filed in the Probate Action.[3]

---

[2]      Exhibit 2 (emphasis in original).
[3]      Exhibit 3.

On December 22, 2017, CHD's counsel informed Pickett's counsel by telephone that CHD would not dismiss this action, but rather required Pickett to file an answer to the Writ of Garnishment that CHD sought the day before Hill Jr.'s funeral.

Pickett hereby requests that the Court tax against CHD the costs of this proceeding, including Pickett's attorneys' fees, pursuant to Texas Rule of Civil Procedure 677.

## F.   **PRAYER**

Wherefore, premises considered, Pickett respectfully prays that the Court enter judgment discharging Pickett as garnishee and assessing costs against CHD including awarding Pickett attorneys' fees and costs and awarding Pickett any and all such other and further relief at law or in equity to which the Court determines he is justly entitled.

Dated: January 11, 2018                    Respectfully submitted,

*/s/ Tom M. Dees, III*

Tom M. Dees, III
State Bar No. 24034412
E-mail: tdees@hallettperrin.com
HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Telephone: 214.953.0053
Facsimile: 214.922.4160
*Attorney for David Pickett,*
*Trustee of the Albert Hill Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing (ECF) system. The electronic case filing system was to send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept such notice as service of this document by electronic means.

*/s/ Tom M. Dees, III*

Tom M. Dees, III

509996

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me, the undersigned notary, on this day personally appeared David Pickett, the Trustee of the Albert Hill Trust, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is David Pickett. I am the Trustee of the Albert Hill Trust. I have read the foregoing Original Answer. The facts stated in this document are within my personal knowledge and are true and correct."

David Pickett,
Trustee of the Albert Hill Trust

Sworn to and subscribed before me by David Pickett on January 10, 2018.

Notary Public in and for the
State of Texas

SHEILA MILLER
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
6-11-2019

# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMPBELL HARRISON & DAGLEY L.L.P. | § | |
| and CALLOWAY, NORRIS, BURDETTE & | § | CIVIL ACTION NO.: |
| WEBER, PLLC, Plaintiffs/Garnishors, | § | 3:17-cv-3312 |
| | § | |
| V. | § | |
| | § | |
| DAVID PICKETT, as Trustee of the Albert Hill | § | |
| Trust, Defendant/Garnishee. | § | **WRIT OF GARNISHMENT** |

TO THE UNITED STATES MARSHAL FOR THE NORTHERN DISTRICT OF TEXAS,
OR TO ANY OTHER AUTHORIZED OFFICER:

In Cause No. 3:12-cv-04599-L-BK, *Campbell Harrison & Dagley L.L.P. et al. v. Albert G. Hill III et al.*, the U.S. District Court for the Northern District of Texas, Dallas Division, issued a final judgment in the amount of $40,915,407.13 plus post-judgment interest at the rate of 0.26 percent per annum compounded annually, against Albert G. Hill, III and Erin Hill, in both their individual capacities and in their representative capacities on behalf of: (1) Nance H. Hill; (2) Caroline M. Hill; (3) Albert G. Hill IV; (4) the unborn beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; (5) the unascertained beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; and (6) any appointee of Albert G. Hill, III, and/or Erin Hill and/or any person on behalf of whom they (or either of them) acted in entering into the Attorney's Hourly Rate and Contingency Fee Agreement and/or the Dallas Counsel Attorney's Fee Agreement with Campbell Harrison & Dagley L.L.P. and Calloway, Norris, Burdette & Weber, PLLC. The judgment is outstanding in the amount of $3,981,748.90 as of December 6, 2017, together with accrued post-judgment interest after that date.

In connection with that judgment, you are hereby commanded forthwith to summon DAVID PICKETT, as Trustee of the Albert Hill Trust, as Defendant/Garnishee in the above-styled cause **to appear within thirty (30) days** from the date of service of this Writ, before the United States District Court for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Dallas, Texas 75242, and file a written and sworn answer setting forth the following:

(1)     What, if anything you are indebted to Albert G. Hill III, Erin Nance Hill, Albert G. Hill IV, Caroline M. Hill, and/or Nance H. Hill; and were when this writ was served on you;

(2)     What personal property, if any, of Albert G. Hill III, Erin Nance Hill, Albert G. Hill IV, Caroline M. Hill, and/or Nance H. Hill you have in your possession; and had when this writ was served; and

(3)     What other persons, if any, within your knowledge, are indebted to Albert G. Hill III, Erin Nance Hill, Albert G. Hill IV, Caroline M. Hill, and/or Nance H. Hill or have personal property belonging to them in their possession.

Mailing the sworn answer to the Clerk of the Court constitutes making a proper appearance in the court.

**Defendant/Garnishee is further commanded NOT to pay any debt or deliver any personal property to Albert G. Hill III, Erin Nance Hill, Albert G. Hill IV, Caroline M. Hill, and/or Nance H. Hill, pending further order of this Court.**

**NOTICE TO DEFENDANT/GARNISHEE:** If you do not appear and answer questions concerning any debts and assets or Albert G. Hill III, Erin Nance Hill, Albert G. Hill IV, Caroline M. Hill, and/or Nance H. Hill, judgment may be rendered against you.

**IF YOU FAIL TO RESPOND OR FILE AN ANSWER, YOU MAY BECOME PERSONALLY LIABLE FOR THE FULL AMOUNT OF THE JUDGMENT AGAINST ALBERT G. HILL III, ERIN NANCE HILL, ALBERT G. HILL IV, CAROLINE M. HILL, AND/OR NANCE H. HILL, EVEN IN AN AMOUNT IN EXCESS OF THE VALUE OF THE PROPERTY IN YOUR POSSESSION BELONGING TO ALBERT G. HILL III, ERIN NANCE HILL, ALBERT G. HILL IV, CAROLINE M. HILL, AND/OR NANCE H. HILL, OR IN EXCESS OF THE AMOUNT OF ANY DEBT YOU OWE ALBERT G. HILL III, ERIN NANCE HILL, ALBERT G. HILL IV, CAROLINE M. HILL, AND/OR NANCE H. HILL.**

The United States Marshal, or other authorized officer, is hereby commanded to serve a copy of the above Writ of Garnishment on the above-named Defendant/Garnishee, and make return of this Writ and the execution thereof, according to law.

Issued on this day, _____ December 7 _____, 20 17 _____.

KAREN MITCHELL, CLERK

By:
_____ s/R. Carter _____
Deputy Clerk

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

US MARSHALS SERVICE N/TX
DALLAS, TEXAS

2017 DEC -8   A 10: 06

CAMPBELL HARRISON & DAGLEY            §
L.L.P. and CALLOWAY, NORRIS,          §
BURDETTE AND WEBER, PLLC,             §
                                      §
            Plaintiffs,               §
                                      §
v.                                    §        Civil Action No. **3:12-CV-4599-L**
                                      §
**ALBERT G. HILL III,** *et al.,*     §
                                      §
            Defendants.               §

## JUDGMENT

This Judgment is issued pursuant to the Judgment of the United States Court of Appeals for the Fifth Circuit dated April 2, 2015, and issued as a mandate on May 11, 2015 (Doc. 109), and this court's Order dated June 3, 2015.

Accordingly, it is hereby **ordered, adjudged** and **decreed** that Plaintiffs/Movants Campbell Harrison & Dagley L.L.P., including Suzanne E. Goss, Of Counsel to Campbell Harrison & Dagley L.L.P. (collectively, "CHD"), and Calloway, Norris, Burdette & Weber, PLLC ("CNBW"), are entitled to and shall recover judgment in the total amount of $40,915,407.13, against Defendants/Respondents Albert G. Hill, III and Erin Hill, in both their individual capacities and in their representative capacities on behalf of: (1) N. Hill; (2) C. Hill; (3) A. Hill; (4) the unborn beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; (5) the unascertained beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; and (6) any appointee of Albert G. Hill, III, and/or Erin Hill and/or any person on behalf of whom they (or either of them) acted in entering into the

**Judgment – Page 1**

Attorney's Hourly Rate and Contingency Fee Agreement and/or the Dallas Counsel Attorney's

Fee Agreement with CHD and CNBW (collectively, the "Hills").   The total amount of

$40,915,407.13 is awarded as follows:

    1.    **To CHD:**

        a.    $3,150,000 for CHD's hourly attorney's fees for its representation of the

Hills; and

        b.    $69,046.59 in costs/expenses of the American Arbitration Association; and

        c.    $647,813.30 as prejudgment interest on Item 1(a).

    *Total to CHD:* $3,219,046.59 as reflected in Items 1(a) and 1(b), plus $647,813.30

in prejudgment interest.

    2.    **To CNBW:**

        a.    $152,167.00 in hourly attorney's fees for CNBW's representation of the

Hills; and

        b.    $48,344.86 in costs/expenses of the American Arbitration Association; and

        c.    $31,293.82 in prejudgment interest on Item 2(a).

    *Total to CNBW:* $200,511.86 as reflected in Items 2(a) and 2(b), plus $31,293.82

in prejudgment interest.

    3.    **In addition to the amounts set forth in paragraphs 1 and 2, to CHD and CNBW**

        **jointly:**

        a.    $25,026,774 for percentage contingency attorney's fees for their

representation of the Hills;

        b.    $6,643,085.60 in attorney's fees incurred in the prosecution of their claims

against the Hills; and

**Judgment – Page 2**

    c.    $5,146,881.96 in prejudgment interest on Item 3(a).

*Total to CHD and CNBW jointly:* $31,669,859.60 as reflected in Items 3(a) and 3(b), plus $5,146,881.96 in prejudgment interest.

    4.    Postjudgment interest shall accrue on the total amount of the judgment awarded to Plaintiffs/Movants CHD and CNBW (both amounts awarded individually and jointly) at the applicable federal rate of **.26** percent per annum from the date of this Judgment until it is paid in full.  Postjudgment interest shall be compounded annually.

    5.    All allowable and reasonable costs of court are taxed against the Hills.

    6.    All relief not expressly granted herein is hereby **denied**.

**Signed** this 3rd day of June, 2015.

Sam A. Lindsay
United States District Judge

**Judgment – Page 3**

# Exhibit 2

PR 17.4117.2

FILED

2017 DEC -8 PM 2:45

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# Last Will and Testament

of

# Albert Galatyn Hill, Jr.

**December 20, 2014**

## TABLE OF CONTENTS

ARTICLE I IDENTIFICATION ........................................................................................................1
    1.1    Identity of Testator's Family ....................................................................................1
    1.2    Property Being Disposed ...........................................................................................1
ARTICLE II BEQUESTS AND DEVISES .......................................................................................2
    2.1    Exercise of Powers of Appointment ..........................................................................2
    2.2    Disposition of Residuary Estate ...............................................................................2
    2.3    Revocation of the Family Trust .................................................................................3
ARTICLE III EXECUTOR ...............................................................................................................3
    3.1    Independent Executor ................................................................................................3
    3.2    Bond of Independent Executor ..................................................................................3
    3.3    Successor Independent Executors .............................................................................3
    3.4    Independent Administration ......................................................................................3
    3.5    Powers of Independent Executor ..............................................................................3
    3.6    Work With Joyce E. Waller ......................................................................................4
    3.7    Distributions During Administration ........................................................................4
    3.8    Self-Dealing ..............................................................................................................4
    3.9    Executor Compensation ............................................................................................5
ARTICLE IV PAYMENT OF DEBTS AND TAXES .......................................................................5
    4.1    Payment of Debts and Administration Expenses ......................................................5
    4.2    Payment of Taxes ......................................................................................................5
    4.3    Tax Deductions .........................................................................................................6
    4.4    Nonprobate Property .................................................................................................6
    4.5    Renewal and Extension of Indebtedness ..................................................................6
    4.6    Insurance Policy Loans .............................................................................................6
    4.7    Cooperation with Trustee .........................................................................................6
    4.8    Contribution and Right of Offset .............................................................................6
ARTICLE V MISCELLANEOUS .....................................................................................................7
    5.1    Allocation of Generation-Skipping Transfer Tax Exemption ..................................7
    5.2    Gender and Number ..................................................................................................7
    5.3    Descendants Per Stirpes ............................................................................................7
    5.4    Minor Beneficiaries ..................................................................................................7
    5.5    Effect of Inoperative, Invalid or Illegal Provision ..................................................7
    5.6    Headings ....................................................................................................................7
    **5.7**    **No Contest Clause** .................................................................................................8

# Last Will and Testament

of

# Albert Galatyn Hill, Jr.

THAT I, **Albert Galatyn Hill, Jr.**, of Dallas County, Texas, being of lawful age and of sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, and do hereby revoke any and all other wills, codicils and other testamentary papers heretofore made by me.

### ARTICLE I
### IDENTIFICATION

*1.1    Identity of Testator's Family*
I declare that I am not married. I have three (3) children, now living, whose names are **Heather Hill Washburne, Elisa Hill Summers** and **Albert Galatyn Hill, III**. All references in this Will to "children" refer alike to adopted children and descendants and natural-born children and descendants, including **Heather Hill Washburne** and **Elisa Hill Summers**, but not including **Albert Galatyn Hill, III**. All references in this Will to "descendants" shall include children and more remote descendants; however, any references in this Will to my "descendants" shall not include **Albert Galatyn Hill, III** and his descendants. A child or descendant in gestation who is born alive shall be considered a child or descendant in being throughout the period of gestation.

*1.2    Property Being Disposed*
I intend by this Will to dispose of all of my separate property. Unless expressly provided to the contrary in this Will, I do not intend hereby to:

(a)    Revoke any revocable trust as to which I am a Settlor;

(b)    Subject to the provisions herein regarding tax apportionment, dispose of any property in a revocable trust of which I am the Settlor, except to the extent that the trust estate is payable to my estate, to my Independent Executor, or to my Trustee, or to the extent that the trust instrument fails to provide for the disposition of the trust estate;

(c)    Exercise, in whole or in part, any power of appointment exercisable by Will which I now have or which may hereafter be conferred upon me.

## ARTICLE II
## BEQUESTS AND DEVISES

*2.1     Exercise of Powers of Appointment*

    (a)    I hereby exercise the testamentary special power of appointment given to me under paragraph VII.I. of **The Lyda Hunt-Margaret Trusts, Al G. Hill, Jr.,** created under the Last Will and Testament of **Lyda Bunker Hunt**, dated the 16th day of September, 1954, in favor of my grandchildren **Albert Galatyn Hill, IV, Nance Haroldson Hill,** and **Caroline Margaret Hill,** that they should succeed me as to all interests which I have in such Trust estate;

    (b)    I hereby exercise the power of appointment given to me under Article III, Section 3 of the **Albert Hill Trust,** dated the 10th day of April, 1945, in favor of the **Al G. Hill, Jr. Family Foundation** ("Foundation"), so that the Foundation should succeed me as to all interests which I have in such Trust estate;

    (c)    I hereby exercise the power of appointment given to me under Article III, Section 3 of the **HLHTE-Albert G. Hill, Jr. Trust,** created under a settlement agreement, by which the **Haroldson L. Hunt, Jr. Trust Estate,** dated 28th day of December, 1935, was split into separate trusts, in favor of the **Al G. Hill, Jr. Charitable Lead Annuity Trust** ("CLAT") created under Article IV of **THE AL G. HILL, JR. FAMILY TRUST,** more particularly defined in paragraph 2.2 below, so that such **Al G. Hill, Jr. Charitable Lead Annuity Trust** should succeed me as to all interests which I have in such Trust estate; and

    (d)    I hereby exercise the power of appointment given to me under Article III, Section 3 of the **MHTE-Albert G. Hill, Jr. Trust,** created under a settlement agreement, by which the **Margaret Hunt Trust Estate,** dated December 28, 1935, was split into separate trusts, in favor of the **Al G. Hill, Jr. Charitable Lead Annuity Trust** created under Article IV of **THE AL G. HILL, JR. FAMILY TRUST,** more particularly defined in paragraph 2.2 below, so that such **Al G. Hill, Jr. Charitable Lead Annuity Trust** should succeed me as to all interests which I have in such Trust estate.

*2.2     Disposition of Residuary Estate*

I give, devise and bequeath all the rest, residue and remainder of my estate, of every kind, character and description, whether real, personal or mixed, and wheresoever situated, to **Tyree B. Miller,** or his successors, as Successor Trustee under **THE AL G. HILL, JR. FAMILY TRUST,** dated the 20th day of December, 2014, and as amended thereafter, under which **Albert G. Hill, Jr.** was the Settlor and **Albert G. Hill, Jr.** was named as initial Trustee. **THE AL G. HILL, JR. FAMILY TRUST** is hereby incorporated by reference to the same effect as if it was set out in full herein.

### 2.3    Revocation of the Family Trust

In the event the trust instrument described in paragraph 2.2 above has been revoked at the date of my death, then I give, devise and bequeath the rest, residue and remainder of my estate, to **Heather Hill Washburne** and **Elisa Hill Summer,** if then living, or if not then living to their lineal descendants, per stirpes, or if both **Heather Hill Washburne** and **Elisa Hill Summers** predecease me without leaving lineal descendants surviving, then to the **Al G. Hill, Jr. Family Foundation** if then existing, or if not then existing, then to a private foundation to be established by my Executor. Such private foundation must qualify under Sections 170(c), 2055(c) and 2522(c) of the Code and benefit qualified charities that were benefited by me during my lifetime.

## ARTICLE III
## EXECUTOR

### 3.1    Independent Executor

I appoint **Tyree B. Miller** as Independent Executor of my estate under this my Last Will and Testament.

### 3.2    Bond of Independent Executor

No bond or other security shall be required of my Independent Executor or of any Successor Independent Executor hereinafter named.

### 3.3    Successor Independent Executors

If **Tyree B. Miller** should die, resign or be unable or unwilling to serve or continue to serve as Independent Executor for any reason, then I appoint **Margaret Keliher** as Successor Independent Executor. If **Margaret Keliher** should die, resign or be unable or unwilling to serve or continue to serve as First Successor Independent Executor for any reason, then I appoint **Alan Peppard** as Second Successor Independent Executor.

### 3.4    Independent Administration

I further direct that no action be had in any Court in the administration of my estate other than the probating and recording of this my Last Will and Testament and the return of a statutory inventory and appraisement and list of claims as required by law.

### 3.5    Powers of Independent Executor

In addition to the powers that an Independent Executor may have under the law and under the provisions of this Will, my Independent Executor and any Survivor or Successor Independent Executor, as applicable, shall have all of the powers of a trustee as provided in the Texas Trust Code, as amended.   I specifically authorize my Independent Executor to enter into any transaction otherwise authorized by law with the Trustee of any trust created by me or a member of my immediate family notwithstanding any relationship that my Independent Executor has to such trustee, and any prohibition against self-dealing is hereby waived to the extent permitted by law. My Independent Executor is authorized, in his sole and absolute discretion, to exercise any election or option given to my Independent Executor under the Internal Revenue Laws of the United States or any State in which this Will may be probated, or in which property in which I own an interest at the time of my death may be located.

Page 3 of my Will _AGH_

In distributing my estate among my beneficiaries, my Independent Executor is authorized to divide, partition, or distribute in cash, in kind, or partly in cash and partly in kind, using different properties according to their value and/or undivided interests in the same properties, as my Independent Executor shall think proper. My Independent Executor is also authorized to sell, exchange, or partition any and all property, real or personal, on such terms as my Independent Executor may deem advisable. My Independent Executor may consider the federal income tax consequences of the sale, exchange, distribution or division to my estate and beneficiaries to the extent known to my Independent Executor, without independent inquiry. The decision of my Independent Executor with respect to any matters set forth herein shall bind each and every beneficiary of my estate and my Independent Executor shall not be required to make any compensating adjustments between income and corpus or among beneficiaries as the result of his action or inaction.

### 3.6    Work With Joyce E. Waller

**Joyce E. Waller** has been my faithful and devoted assistant for a number of years and has complete knowledge of where and how I maintain all of the documentation related to my business and personal life. For these reasons, I instruct my Independent Executor to work with **Joyce E. Waller** so that she may clean out all of my residences and offices, wherever located, and without interference.

### 3.7    Distributions During Administration

Prior to final distribution of my estate, which shall not be delayed beyond the period reasonably required for the administration of my estate, my Independent Executor may make partial distributions to one or more beneficiaries or trusts. As a consequence, my estate and any trust established by me under my Will or outside of my Will may exist contemporaneously. A distribution may be made subject to any indebtedness or liability of my estate.

### 3.8    Self-Dealing

Any non-corporate Independent Executor or Trustee is specifically granted the following powers to deal, in an individual capacity, with my estate or the trusts created herein, or in an Independent Executor or a Trustee capacity on behalf of my estate or such trusts with any affiliate of the Independent Executor or the Trustee, or with any director, officer or employee of the Independent Executor or the Trustee or an affiliate, or with a relative of the Independent Executor or the Trustee, or with an Independent Executor's employer, partner or other business associate or a Trustee's employer, partner or other business associate, or with the Independent Executor of any other estate or with the Trustee of any other estate (even if the Independent Executor is also an Independent Executor of such other estate or the Trustee is also a trustee of such other trust):

(a)    The power to buy, sell or exchange real or personal property from or to such estate or trusts so long as such dealings are consummated in good faith and for an adequate and full consideration in money or money's worth.

(b)    The power to make loans to or borrow money from such estate or trusts. All loans made from an estate or a trust shall be adequately secured and bear a reasonable rate of interest.

Page 4 of my Will _AgH_

Any rule of law prohibiting these transactions (including, but not limited to §113.052, §113.053 and §113.054 of the Texas Trust Code) is expressly waived, and any decision made by any Independent Executor or Trustee pursuant to this paragraph shall be final and conclusive upon all beneficiaries.

### 3.9    Executor Compensation

Any corporate Independent Executor, in acting as Independent Executor hereunder, shall be entitled to retain the fees stipulated in its regularly adopted schedule of compensation in effect and applicable at the time of performance of such services. An individual shall be entitled to reasonable compensation for his or her services as Independent Executor as set by **Heather Hill Washburne** and **Elisa Hill Summers** in writing.

### ARTICLE IV
### PAYMENT OF DEBTS AND TAXES

### 4.1    Payment of Debts and Administration Expenses

Unless I expressly direct to the contrary, my Independent Executor shall pay my debts and administration expenses as follows:

(a)    First from any of my property passing by intestacy;

(b)    Second from the residue of my probate estate in such order of priority as my Independent Executor shall determine in his sole and absolute discretion;

(c)    Third from the other bequests and devises in this Will, using the order of abatement of gifts under Texas law.

Debts, for this purpose, shall include income taxes on any income earned by me prior to my death and any gift taxes due at my death. Administration expenses, for this purpose, shall include last illness expenses and funeral expenses as well as the cost of delivering personal effects to the recipients, including the cost of proper packaging, temporary storage or storage in transit, and insurance.

### 4.2    Payment of Taxes

Unless I expressly direct to the contrary, my Independent Executor shall pay all state and federal estate, inheritance and death taxes (herein called "death taxes") and generation-skipping transfer taxes in accordance with:

(a)    Federal law as provided by the Internal Revenue Code of 1986, as amended, or successor provisions;

(b)    Texas law as provided by Chapter 124, Subchapter A of the Texas Estates Code or successor provisions; and

(c)    If federal and state law conflict, federal law shall prevail, unless I expressly direct to the contrary.

I expressly direct my Independent Executor to pay any death taxes chargeable against my probate estate and death taxes attributable to property not passing under this Will for which a contribution, offset or recovery is not available from my probate estate in the same manner as other debts are paid pursuant to paragraph 4.1 above.

### 4.3    Tax Deductions

My Independent Executor may, in his sole and absolute discretion, elect to claim administration expenses as a deduction either on the income tax returns or on the federal estate tax return of my estate.

### 4.4    Nonprobate Property

Insofar as I have the power, I specifically direct that any debts due on property or administration expenses attributable to property that is not part of my probate estate shall not be paid by my probate estate but shall instead be paid by the specific recipient of each such nonprobate property, whether it is joint tenancy with right of survivorship property or otherwise.

### 4.5    Renewal and Extension of Indebtedness

I do not exonerate any property from debts. However, my Independent Executor is specifically given the right to renew or extend any secured or unsecured debt or charge existing at the time of my death. If property is subject to secured debts, my Independent Executor is empowered to distribute property with the distributee taking subject to or assuming the debt, unless applicable law requires that the debt be paid and no contrary agreement is reached with the creditor. Under no circumstances do I require my Independent Executor to prepay any debt of mine.

### 4.6    Insurance Policy Loans

No policy loan against a policy of life insurance owned by me shall be treated as a debt to be paid out of my probate estate. Any such policy loan against a policy of life insurance owned by me shall be paid out of the proceeds of the policy, and any policy of life insurance owned by me shall be distributed to the beneficiary entitled thereto subject to any such policy loan.

### 4.7    Cooperation with Trustee

My Independent Executor shall cooperate with the trustee of any trust created by me in my lifetime that provides in whole or part for the payment of debts or taxes out of said trust; I do not intend by this Will to override the provisions of any such trust.

### 4.8    Contribution and Right of Offset

My Independent Executor shall seek contribution from each recipient of property not passing under this Will for such recipient's allocable share of the debts, administration expenses and death taxes as provided in this Article.

Unless I expressly provide to the contrary, my Independent Executor is expressly authorized to offset any gifts under this Will to such a recipient by the amount of reimbursement or contribution otherwise owing. All debts, administration expenses and death taxes with respect to which a contribution or offset is not available shall be paid by my Independent Executor as provided herein.

However, my Independent Executor may take reasonable actions, as my Independent Executor determines in his sole and uncontrolled discretion, to recover from the recipient of any property not passing under this Will any such allocable debts, administration expenses or death taxes with respect to which a contribution or offset is not available.

## ARTICLE V
## MISCELLANEOUS

*5.1     Allocation of Generation-Skipping Transfer Tax Exemption*
I suggest (but do not require) that my Independent Executor shall allocate any unused portion of the generation-skipping transfer tax exemption provided for in Section 2631(a) of the Internal Revenue Code of 1986, as amended, to **THE AL G. HILL, JR. FAMILY TRUST**.

*5.2     Gender and Number*
As used in this Will, whenever the context so indicates, the masculine, feminine or neuter gender, and the singular or plural number shall be deemed to include the others. The term "Independent Executor" or "Trustee" shall include each of the person or persons so named, all and singular, and shall also include each then acting Independent Executor or Trustee under this Will, whether the originally named Independent Executor or Trustee or any successor Independent Executor or Trustee, as applicable.

*5.3     Descendants Per Stirpes*
In making any allocation or distribution of property to the descendants of any person "per stirpes," the fiduciary shall divide the subject property into as many shares as there are children of such person (i) who are living at the time of distribution, or (ii) who died leaving descendants who are living at the time of distribution. The fiduciary shall allocate or distribute the share created for a living child to that child and shall divide the share created for any deceased child among his living children and descendants as described in this paragraph, treating the deceased child as the "person" for the purpose of this further division.

*5.4     Minor Beneficiaries*
If any beneficiary under this Will is then a minor, that beneficiary's gift or bequest may be distributed to the duly qualified legal representatives of that beneficiary, including a custodian selected by my Independent Executor under the Uniform Gifts/Transfers To Minors Act of the state in which that beneficiary resides.

*5.5     Effect of Inoperative, Invalid or Illegal Provision*
If any provision of this Will or of any codicil to this Will is held to be inoperative, invalid or illegal, I intend that all of the remaining provisions shall continue to be fully operative and effective so far as is possible and reasonable.

*5.6     Headings*
The headings above the various provisions of this Will have been included only in order to simplify the location of the subject covered by each provision.  The headings are not to be used in construing this Will or in ascertaining my intentions.

### 5.7    No Contest Clause

As a condition to the taking, vesting, receiving or enjoying of any property, benefit or thing whatsoever under or by virtue of this Will or any trust created under this Will or under THE AL G. HILL, JR. FAMILY TRUST or any trust created thereunder (hereinafter collectively referred to as "Estate Documents"), any beneficiary shall accept and agree to all of the provisions of my Estate Documents and that the provisions of this paragraph are made an essential part of each and every benefit in and under my Estate Documents.  If any beneficiary hereunder, directly or indirectly, individually or with another, shall institute or join in any action or proceeding (except as a party defendant, as applicable), including but not limited to: contesting the probate, validity or effectiveness of my Estate Documents, or any provision thereof, or to prevent any provisions thereof from being carried out in accordance with their terms, any proceeding to contest the disposition of property by instrument executed by me, whether testamentary or otherwise, or any cause of action (including, but not limited to, any cause of action for tortious interference with inheritance rights) which is based in any way on the proposition that I was not of sound mind, lacked testamentary capacity, was unduly influenced, or failed to comply with any applicable law at the time that I executed any legal instrument (any of the acts described above are hereinafter referred to as "Prohibited Acts"), then, in any such contingency, all benefits provided for such beneficiary in my Estate Documents are revoked and such benefits shall pass as if such beneficiary and such beneficiary's descendants predeceased me.  If any distribution has been made to any such beneficiary prior to the time he or she engages in any Prohibited Acts, including but not limited to those acts described in this paragraph, then such beneficiary shall repay to my Independent Executor, Executor, Administrator or other personal representative of my estate or Trustee of my Estate Documents (jointly or severally referred to herein as my "Fiduciary"), the amount of any such distribution.  Provided further, if any beneficiary hereunder is also appointed in any fiduciary capacity as it relates to my estate and the administration thereof, and if any such beneficiary shall institute or join in, including but not limited to, those Prohibited Acts described above, then such beneficiary shall be removed from any position of fiduciary responsibility of which they are currently serving or might serve in the future as such positions relate to my estate and the administration thereof. This provision shall survive the administration of my estate. No beneficiary shall be deemed to have violated this clause solely because he or she disclaims any interest in my estate and any trust. This provision is intended to provide as broad of a prohibition against any of the actions or proceeding described in this paragraph as allowed by law as those laws may change from time to time. If any provisions of this paragraph is held to be inoperative, invalid or illegal, I intend that all of the remaining provisions of this paragraph shall continue to be fully operative and effective so far as is possible.

IN TESTIMONY WHEREOF, I have to this my Last Will and Testament, consisting of ten (10) sheets of paper, including the attestation hereof and the self-proving affidavit, subscribed my name this 20th day of December, 2014, in the presence of the undersigned witnesses, each of whom I have requested to witness the same, and they, at my special instance and request, and in my presence and in the presence of each other, have signed their names hereto as attesting witnesses.

*ALBERT GALATYN HILL*

**Albert Galatyn Hill, Jr.**

SUBSCRIBED by **Albert Galatyn Hill, Jr.**, in the presence of each of us, the undersigned, and at the same time declared by Testator to us to be his Last Will and Testament, and we, thereupon, at the request of Testator, in his presence and in the presence of each other, sign our names hereto as witnesses, this the 20th day of December, 2014.

WITNESSES:                                      PLACES OF RESIDENCE:

_Margaret Keilhin_                             _Dallas, Texas_

_Gary Jurgem IV_                               _Dallas, Texas_

Page 9 of my Will  _AGH_

THE STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared **Albert Galatyn Hill, Jr., Margaret Keliher**, and **Searcy Ferguson III**, known to me to be the Testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said **Albert Galatyn Hill, Jr.,** Testator, declared to me and to the said witnesses in my presence that said instrument is his Last Will and Testament, and that he had willingly made and executed it as Testator's free act and deed; and the said witnesses, each on his oath, stated to me, in the presence and hearing of the said Testator, that the said Testator had declared to them that said instrument is his Last Will and Testament, and that Testator executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testator and at Testator's request; that Testator was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

*ALBERT GALATYN HILL JR.*
Albert Galatyn Hill, Jr., Testator

*Margaret Keliher*
Margaret Keliher

*Searcy Ferguson III*
Searcy Ferguson III

SUBSCRIBED AND SWORN TO before me by the said **Albert Galatyn Hill, Jr.,** Testator, and **Margaret Keliher** and **Searcy Ferguson III**, witnesses, this 20th day of December, 2014.

GINGER ORMAN
MY COMMISSION EXPIRES
October 10, 2018

*[signature]*
Notary Public

Page 10 of my Will _*AGH*_ 

# Exhibit 3

**Tom Dees**

| | |
|---|---|
| **From:** | Tom Dees |
| **Sent:** | Friday, December 15, 2017 2:21 PM |
| **To:** | 'wright@wrightclose.com'; Fair, Kenneth (Fair@wrightclose.com) |
| **Cc:** | Tom Dees |
| **Subject:** | Garnishment Actions: Civil Actions 3:17-CV-03311 & 3:3:17-CV-03312 |
| **Attachments:** | Al Jr.'s Will.pdf; Application for Probate of Will and Issuance of Letters Testamentary.pdf |

Tom and Ken:

I write regarding a phone call Tom and I had earlier today about the garnishment action against David Pickett (as Trustee of the Albert Hill Trust) and the one against Don Donnally (as Trustee of the Al Hill Family Trust—Al. G. Hill, Jr.).

I represent David and Don in these cases.

There are no assets available for garnishment with respect to these two trusts.

Regarding the Albert Hill Trust (the "AHT"), in his Will Al Jr. exercised his power of appointment in the AHT in favor of the Al G. Hill Jr. Family Foundation. Al III has no interest in the Albert Hill Trust. Attached is Al Jr.'s Will and the Application to Probate it. The exercise of the power of appointment is found in the Will on Page 2, Art. II, Sec. 2.1(b).

Regarding the Al Hill Family Trust—Al G. Hill, Jr., this trust was established in the Will of Al G. Hill ("Al Sr.") dated June 10, 1988, which is attached to your application for writ of garnishment. Upon Al Sr.'s death, the Al Hill Family Trust (the Family Trust) was established in Al Sr.'s Will. (Pg. 5 – last part of 4.1(a) & Pg. 7, Sect. 4.3). Al Sr.'s Will also established the Hill Grandchildren's Trusts. (Pg. 3, Sect. 3.3) Al III's Grandchildren's Trust is called the Hill Grandchildren's Trust—Albert G. Hill, III. Upon Margaret Hunt Hill's death, the Family Trust was divided into the Children's Trusts (Pg. 8, Sect. 4.4), including one for Al Jr. which is called the Al Hill Family Trust—Al G. Hill, Jr. Upon Al Jr.'s death, Al III's interest in the Family Trust (*i.e.*, Al III's interest in Al Jr.'s Children's Trust called the Al Hill Family Trust—Al G. Hill, Jr.) was automatically distributed to the Hill Grandchildren's Trust—Albert Galatyn Hill, III, which is a spendthrift trust which Al III did not settle, not to Al III outright. (Pg. 10, Art. V & Pg. 25, Sect. 7.9 ("no interest of any beneficiary . . . shall ever be subject to . . . garnishment")

These trustees could file answers, argue wrongful garnishment, and seek fees, but it would be easier for all involved if you will agree to withdraw the writs. Please review this material and let me know. Thank you.

In case you are wondering, the exercise of his power of appointment by Al Jr. in favor of Al IV, Nance, and Caroline on Page 2, Art. II, Sec. 2.1(a) of Al Jr.'s Will regarding The Lyda Hunt-Margaret Trusts, Al G. Hill, Jr. makes Al IV, Nance, and Caroline beneficiaries of The Lyda Hunt-Margaret Trusts, Al G. Hill, Jr., which is a spendthrift trust established in Lyda Bunker Hunt's Will.

Best regards,
- Tom

TOM M. DEES, III
Shareholder

1

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
D 214.922.4146
F 214.922.4142
tdees@hallettperrin.com
www.hallettperrin.com
Disclaimer

PR-17-04117-2

# Last Will and Testament

of

# Albert Galatyn Hill, Jr.

**December 20, 2014**

## TABLE OF CONTENTS

ARTICLE I IDENTIFICATION..................................................................................................1
    1.1    Identity of Testator's Family.....................................................................1
    1.2    Property Being Disposed............................................................................1
ARTICLE II BEQUESTS AND DEVISES ...............................................................................2
    2.1    Exercise of Powers of Appointment.........................................................2
    2.2    Disposition of Residuary Estate ...............................................................2
    2.3    Revocation of the Family Trust.................................................................3
ARTICLE III EXECUTOR.......................................................................................................3
    3.1    Independent Executor.................................................................................3
    3.2    Bond of Independent Executor...................................................................3
    3.3    Successor Independent Executors ..............................................................3
    3.4    Independent Administration .......................................................................3
    3.5    Powers of Independent Executor................................................................3
    3.6    Work With Joyce E. Waller .......................................................................4
    3.7    Distributions During Administration .........................................................4
    3.8    Self-Dealing...............................................................................................4
    3.9    Executor Compensation .............................................................................5
ARTICLE IV PAYMENT OF DEBTS AND TAXES ..............................................................5
    4.1    Payment of Debts and Administration Expenses ......................................5
    4.2    Payment of Taxes ......................................................................................5
    4.3    Tax Deductions .........................................................................................6
    4.4    Nonprobate Property .................................................................................6
    4.5    Renewal and Extension of Indebtedness...................................................6
    4.6    Insurance Policy Loans ..............................................................................6
    4.7    Cooperation with Trustee..........................................................................6
    4.8    Contribution and Right of Offset ..............................................................6
ARTICLE V MISCELLANEOUS.............................................................................................7
    5.1    Allocation of Generation-Skipping Transfer Tax Exemption ...................7
    5.2    Gender and Number...................................................................................7
    5.3    Descendants Per Stirpes ............................................................................7
    5.4    Minor Beneficiaries...................................................................................7
    5.5    Effect of Inoperative, Invalid or Illegal Provision ...................................7
    5.6    Headings....................................................................................................7
    **5.7**    **No Contest Clause** ...............................................................................8

# Last Will and Testament

of

# Albert Galatyn Hill, Jr.

THAT I, **Albert Galatyn Hill, Jr.**, of Dallas County, Texas, being of lawful age and of sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, and do hereby revoke any and all other wills, codicils and other testamentary papers heretofore made by me.

## ARTICLE I
## IDENTIFICATION

*1.1   Identity of Testator's Family*

I declare that I am not married.  I have three (3) children, now living, whose names are **Heather Hill Washburne, Elisa Hill Summers** and **Albert Galatyn Hill, III**.  All references in this Will to "children" refer alike to adopted children and descendants and natural-born children and descendants, including **Heather Hill Washburne** and **Elisa Hill Summers**, but not including **Albert Galatyn Hill, III**. All references in this Will to "descendants" shall include children and more remote descendants; however, any references in this Will to my "descendants" shall not include **Albert Galatyn Hill, III** and his descendants.  A child or descendant in gestation who is born alive shall be considered a child or descendant in being throughout the period of gestation.

*1.2   Property Being Disposed*

I intend by this Will to dispose of all of my separate property.  Unless expressly provided to the contrary in this Will, I do not intend hereby to:

    (a)   Revoke any revocable trust as to which I am a Settlor;

    (b)   Subject to the provisions herein regarding tax apportionment, dispose of any property in a revocable trust of which I am the Settlor, except to the extent that the trust estate is payable to my estate, to my Independent Executor, or to my Trustee, or to the extent that the trust instrument fails to provide for the disposition of the trust estate;

    (c)   Exercise, in whole or in part, any power of appointment exercisable by Will which I now have or which may hereafter be conferred upon me.

## ARTICLE II
## BEQUESTS AND DEVISES

*2.1    Exercise of Powers of Appointment*

(a)    I hereby exercise the testamentary special power of appointment given to me under paragraph VII.I. of **The Lyda Hunt-Margaret Trusts, Al G. Hill, Jr.,** created under the Last Will and Testament of **Lyda Bunker Hunt,** dated the 16th day of September, 1954, in favor of my grandchildren **Albert Galatyn Hill, IV, Nance Haroldson Hill,** and **Caroline Margaret Hill,** that they should succeed me as to all interests which I have in such Trust estate;

(b)    I hereby exercise the power of appointment given to me under Article III, Section 3 of the **Albert Hill Trust,** dated the 10th day of April, 1945, in favor of the **Al G. Hill, Jr. Family Foundation** ("Foundation"), so that the Foundation should succeed me as to all interests which I have in such Trust estate;

(c)    I hereby exercise the power of appointment given to me under Article III, Section 3 of the **HLHTE-Albert G. Hill, Jr. Trust,** created under a settlement agreement, by which the **Haroldson L. Hunt, Jr. Trust Estate,** dated 28th day of December, 1935, was split into separate trusts, in favor of the **Al G. Hill, Jr. Charitable Lead Annuity Trust** ("CLAT") created under Article IV of **THE AL G. HILL, JR. FAMILY TRUST,** more particularly defined in paragraph 2.2 below, so that such **Al G. Hill, Jr. Charitable Lead Annuity Trust** should succeed me as to all interests which I have in such Trust estate; and

(d)    I hereby exercise the power of appointment given to me under Article III, Section 3 of the **MHTE-Albert G. Hill, Jr. Trust,** created under a settlement agreement, by which the **Margaret Hunt Trust Estate,** dated December 28, 1935, was split into separate trusts, in favor of the **Al G. Hill, Jr. Charitable Lead Annuity Trust** created under Article IV of **THE AL G. HILL, JR. FAMILY TRUST,** more particularly defined in paragraph 2.2 below, so that such **Al G. Hill, Jr. Charitable Lead Annuity Trust** should succeed me as to all interests which I have in such Trust estate.

*2.2    Disposition of Residuary Estate*

I give, devise and bequeath all the rest, residue and remainder of my estate, of every kind, character and description, whether real, personal or mixed, and wheresoever situated, to **Tyree B. Miller,** or his successors, as Successor Trustee under **THE AL G. HILL, JR. FAMILY TRUST,** dated the 20th day of December, 2014, and as amended thereafter, under which **Albert G. Hill, Jr.** was the Settlor and **Albert G. Hill, Jr.** was named as initial Trustee. **THE AL G. HILL, JR. FAMILY TRUST** is hereby incorporated by reference to the same effect as if it was set out in full herein.

*2.3    Revocation of the Family Trust*
In the event the trust instrument described in paragraph 2.2 above has been revoked at the date of my death, then I give, devise and bequeath the rest, residue and remainder of my estate, to **Heather Hill Washburne and Elisa Hill Summer,** if then living, or if not then living to their lineal descendants, per stirpes, or if both **Heather Hill Washburne** and **Elisa Hill Summers** predecease me without leaving lineal descendants surviving, then to the **Al G. Hill, Jr. Family Foundation** if then existing, or if not then existing, then to a private foundation to be established by my Executor. Such private foundation must qualify under Sections 170(c), 2055(c) and 2522(c) of the Code and benefit qualified charities that were benefited by me during my lifetime.

**ARTICLE III**
**EXECUTOR**

*3.1    Independent Executor*
I appoint **Tyree B. Miller** as Independent Executor of my estate under this my Last Will and Testament.

*3.2    Bond of Independent Executor*
No bond or other security shall be required of my Independent Executor or of any Successor Independent Executor hereinafter named.

*3.3    Successor Independent Executors*
If **Tyree B. Miller** should die, resign or be unable or unwilling to serve or continue to serve as Independent Executor for any reason, then I appoint **Margaret Keliher** as Successor Independent Executor. If **Margaret Keliher** should die, resign or be unable or unwilling to serve or continue to serve as First Successor Independent Executor for any reason, then I appoint **Alan Peppard** as Second Successor Independent Executor.

*3.4    Independent Administration*
I further direct that no action be had in any Court in the administration of my estate other than the probating and recording of this my Last Will and Testament and the return of a statutory inventory and appraisement and list of claims as required by law.

*3.5    Powers of Independent Executor*
In addition to the powers that an Independent Executor may have under the law and under the provisions of this Will, my Independent Executor and any Survivor or Successor Independent Executor, as applicable, shall have all of the powers of a trustee as provided in the Texas Trust Code, as amended. I specifically authorize my Independent Executor to enter into any transaction otherwise authorized by law with the Trustee of any trust created by me or a member of my immediate family notwithstanding any relationship that my Independent Executor has to such trustee, and any prohibition against self-dealing is hereby waived to the extent permitted by law. My Independent Executor is authorized, in his sole and absolute discretion, to exercise any election or option given to my Independent Executor under the Internal Revenue Laws of the United States or any State in which this Will may be probated, or in which property in which I own an interest at the time of my death may be located.

Page 3 of my Will  *AGH*

In distributing my estate among my beneficiaries, my Independent Executor is authorized to divide, partition, or distribute in cash, in kind, or partly in cash and partly in kind, using different properties according to their value and/or undivided interests in the same properties, as my Independent Executor shall think proper. My Independent Executor is also authorized to sell, exchange, or partition any and all property, real or personal, on such terms as my Independent Executor may deem advisable. My Independent Executor may consider the federal income tax consequences of the sale, exchange, distribution or division to my estate and beneficiaries to the extent known to my Independent Executor, without independent inquiry. The decision of my Independent Executor with respect to any matters set forth herein shall bind each and every beneficiary of my estate and my Independent Executor shall not be required to make any compensating adjustments between income and corpus or among beneficiaries as the result of his action or inaction.

### 3.6    Work With Joyce E. Waller
**Joyce E. Waller** has been my faithful and devoted assistant for a number of years and has complete knowledge of where and how I maintain all of the documentation related to my business and personal life. For these reasons, I instruct my Independent Executor to work with **Joyce E. Waller** so that she may clean out all of my residences and offices, wherever located, and without interference.

### 3.7    Distributions During Administration
Prior to final distribution of my estate, which shall not be delayed beyond the period reasonably required for the administration of my estate, my Independent Executor may make partial distributions to one or more beneficiaries or trusts. As a consequence, my estate and any trust established by me under my Will or outside of my Will may exist contemporaneously. A distribution may be made subject to any indebtedness or liability of my estate.

### 3.8    Self-Dealing
Any non-corporate Independent Executor or Trustee is specifically granted the following powers to deal, in an individual capacity, with my estate or the trusts created herein, or in an Independent Executor or a Trustee capacity on behalf of my estate or such trusts with any affiliate of the Independent Executor or the Trustee, or with any director, officer or employee of the Independent Executor or the Trustee or an affiliate, or with a relative of the Independent Executor or the Trustee, or with an Independent Executor's employer, partner or other business associate or a Trustee's employer, partner or other business associate, or with the Independent Executor of any other estate or with the Trustee of any other estate (even if the Independent Executor is also an Independent Executor of such other estate or the Trustee is also a trustee of such other trust):

(a)    The power to buy, sell or exchange real or personal property from or to such estate or trusts so long as such dealings are consummated in good faith and for an adequate and full consideration in money or money's worth.

(b)    The power to make loans to or borrow money from such estate or trusts. All loans made from an estate or a trust shall be adequately secured and bear a reasonable rate of interest.

Any rule of law prohibiting these transactions (including, but not limited to §113.052, §113.053 and §113.054 of the Texas Trust Code) is expressly waived, and any decision made by any Independent Executor or Trustee pursuant to this paragraph shall be final and conclusive upon all beneficiaries.

*3.9    Executor Compensation*

Any corporate Independent Executor, in acting as Independent Executor hereunder, shall be entitled to retain the fees stipulated in its regularly adopted schedule of compensation in effect and applicable at the time of performance of such services. An individual shall be entitled to reasonable compensation for his or her services as Independent Executor as set by **Heather Hill Washburne** and **Elisa Hill Summers** in writing.

**ARTICLE IV**
**PAYMENT OF DEBTS AND TAXES**

*4.1    Payment of Debts and Administration Expenses*

Unless I expressly direct to the contrary, my Independent Executor shall pay my debts and administration expenses as follows:

> (a)    First from any of my property passing by intestacy;

> (b)    Second from the residue of my probate estate in such order of priority as my Independent Executor shall determine in his sole and absolute discretion;

> (c)    Third from the other bequests and devises in this Will, using the order of abatement of gifts under Texas law.

Debts, for this purpose, shall include income taxes on any income earned by me prior to my death and any gift taxes due at my death. Administration expenses, for this purpose, shall include last illness expenses and funeral expenses as well as the cost of delivering personal effects to the recipients, including the cost of proper packaging, temporary storage or storage in transit, and insurance.

*4.2    Payment of Taxes*

Unless I expressly direct to the contrary, my Independent Executor shall pay all state and federal estate, inheritance and death taxes (herein called "death taxes") and generation-skipping transfer taxes in accordance with:

> (a)    Federal law as provided by the Internal Revenue Code of 1986, as amended, or successor provisions;

> (b)    Texas law as provided by Chapter 124, Subchapter A of the Texas Estates Code or successor provisions; and

> (c)    If federal and state law conflict, federal law shall prevail, unless I expressly direct to the contrary.

I expressly direct my Independent Executor to pay any death taxes chargeable against my probate estate and death taxes attributable to property not passing under this Will for which a contribution, offset or recovery is not available from my probate estate in the same manner as other debts are paid pursuant to paragraph 4.1 above.

### 4.3    Tax Deductions
My Independent Executor may, in his sole and absolute discretion, elect to claim administration expenses as a deduction either on the income tax returns or on the federal estate tax return of my estate.

### 4.4    Nonprobate Property
Insofar as I have the power, I specifically direct that any debts due on property or administration expenses attributable to property that is not part of my probate estate shall not be paid by my probate estate but shall instead be paid by the specific recipient of each such nonprobate property, whether it is joint tenancy with right of survivorship property or otherwise.

### 4.5    Renewal and Extension of Indebtedness
I do not exonerate any property from debts. However, my Independent Executor is specifically given the right to renew or extend any secured or unsecured debt or charge existing at the time of my death. If property is subject to secured debts, my Independent Executor is empowered to distribute property with the distributee taking subject to or assuming the debt, unless applicable law requires that the debt be paid and no contrary agreement is reached with the creditor. Under no circumstances do I require my Independent Executor to prepay any debt of mine.

### 4.6    Insurance Policy Loans
No policy loan against a policy of life insurance owned by me shall be treated as a debt to be paid out of my probate estate. Any such policy loan against a policy of life insurance owned by me shall be paid out of the proceeds of the policy, and any policy of life insurance owned by me shall be distributed to the beneficiary entitled thereto subject to any such policy loan.

### 4.7    Cooperation with Trustee
My Independent Executor shall cooperate with the trustee of any trust created by me in my lifetime that provides in whole or part for the payment of debts or taxes out of said trust; I do not intend by this Will to override the provisions of any such trust.

### 4.8    Contribution and Right of Offset
My Independent Executor shall seek contribution from each recipient of property not passing under this Will for such recipient's allocable share of the debts, administration expenses and death taxes as provided in this Article.

Unless I expressly provide to the contrary, my Independent Executor is expressly authorized to offset any gifts under this Will to such a recipient by the amount of reimbursement or contribution otherwise owing. All debts, administration expenses and death taxes with respect to which a contribution or offset is not available shall be paid by my Independent Executor as provided herein.

Page 6 of my Will  _AGH_

However, my Independent Executor may take reasonable actions, as my Independent Executor determines in his sole and uncontrolled discretion, to recover from the recipient of any property not passing under this Will any such allocable debts, administration expenses or death taxes with respect to which a contribution or offset is not available.

## ARTICLE V
## MISCELLANEOUS

*5.1     Allocation of Generation-Skipping Transfer Tax Exemption*
I suggest (but do not require) that my Independent Executor shall allocate any unused portion of the generation-skipping transfer tax exemption provided for in Section 2631(a) of the Internal Revenue Code of 1986, as amended, to **THE AL G. HILL, JR. FAMILY TRUST.**

*5.2     Gender and Number*
As used in this Will, whenever the context so indicates, the masculine, feminine or neuter gender, and the singular or plural number shall be deemed to include the others. The term "Independent Executor" or "Trustee" shall include each of the person or persons so named, all and singular, and shall also include each then acting Independent Executor or Trustee under this Will, whether the originally named Independent Executor or Trustee or any successor Independent Executor or Trustee, as applicable.

*5.3     Descendants Per Stirpes*
In making any allocation or distribution of property to the descendants of any person "per stirpes," the fiduciary shall divide the subject property into as many shares as there are children of such person (i) who are living at the time of distribution, or (ii) who died leaving descendants who are living at the time of distribution. The fiduciary shall allocate or distribute the share created for a living child to that child and shall divide the share created for any deceased child among his living children and descendants as described in this paragraph, treating the deceased child as the "person" for the purpose of this further division.

*5.4     Minor Beneficiaries*
If any beneficiary under this Will is then a minor, that beneficiary's gift or bequest may be distributed to the duly qualified legal representatives of that beneficiary, including a custodian selected by my Independent Executor under the Uniform Gifts/Transfers To Minors Act of the state in which that beneficiary resides.

*5.5     Effect of Inoperative, Invalid or Illegal Provision*
If any provision of this Will or of any codicil to this Will is held to be inoperative, invalid or illegal, I intend that all of the remaining provisions shall continue to be fully operative and effective so far as is possible and reasonable.

*5.6     Headings*
The headings above the various provisions of this Will have been included only in order to simplify the location of the subject covered by each provision. The headings are not to be used in construing this Will or in ascertaining my intentions.

Page 7 of my Will _AGH_

### 5.7   No Contest Clause

As a condition to the taking, vesting, receiving or enjoying of any property, benefit or thing whatsoever under or by virtue of this Will or any trust created under this Will or under THE AL G. HILL, JR. FAMILY TRUST or any trust created thereunder (hereinafter collectively referred to as "Estate Documents"), any beneficiary shall accept and agree to all of the provisions of my Estate Documents and that the provisions of this paragraph are made an essential part of each and every benefit in and under my Estate Documents. If any beneficiary hereunder, directly or indirectly, individually or with another, shall institute or join in any action or proceeding (except as a party defendant, as applicable), including but not limited to: contesting the probate, validity or effectiveness of my Estate Documents, or any provision thereof, or to prevent any provisions thereof from being carried out in accordance with their terms, any proceeding to contest the disposition of property by instrument executed by me, whether testamentary or otherwise, or any cause of action (including, but not limited to, any cause of action for tortious interference with inheritance rights) which is based in any way on the proposition that I was not of sound mind, lacked testamentary capacity, was unduly influenced, or failed to comply with any applicable law at the time that I executed any legal instrument (any of the acts described above are hereinafter referred to as "Prohibited Acts"), then, in any such contingency, all benefits provided for such beneficiary in my Estate Documents are revoked and such benefits shall pass as if such beneficiary and such beneficiary's descendants predeceased me. If any distribution has been made to any such beneficiary prior to the time he or she engages in any Prohibited Acts, including but not limited to those acts described in this paragraph, then such beneficiary shall repay to my Independent Executor, Executor, Administrator or other personal representative of my estate or Trustee of my Estate Documents (jointly or severally referred to herein as my "Fiduciary"), the amount of any such distribution. Provided further, if any beneficiary hereunder is also appointed in any fiduciary capacity as it relates to my estate and the administration thereof, and if any such beneficiary shall institute or join in, including but not limited to, those Prohibited Acts described above, then such beneficiary shall be removed from any position of fiduciary responsibility of which they are currently serving or might serve in the future as such positions relate to my estate and the administration thereof. This provision shall survive the administration of my estate. No beneficiary shall be deemed to have violated this clause solely because he or she disclaims any interest in my estate and any trust. This provision is intended to provide as broad of a prohibition against any of the actions or proceeding described in this paragraph as allowed by law as those laws may change from time to time. If any provisions of this paragraph is held to be inoperative, invalid or illegal, I intend that all of the remaining provisions of this paragraph shall continue to be fully operative and effective so far as is possible.

IN TESTIMONY WHEREOF, I have to this my Last Will and Testament, consisting of ten (10) sheets of paper, including the attestation hereof and the self-proving affidavit, subscribed my name this 20th day of December, 2014, in the presence of the undersigned witnesses, each of whom I have requested to witness the same, and they, at my special instance and request, and in my presence and in the presence of each other, have signed their names hereto as attesting witnesses.

*ALBERT GALATYN HILL JR*
**Albert Galatyn Hill, Jr.**

SUBSCRIBED by **Albert Galatyn Hill, Jr.**, in the presence of each of us, the undersigned, and at the same time declared by Testator to us to be his Last Will and Testament, and we, thereupon, at the request of Testator, in his presence and in the presence of each other, sign our names hereto as witnesses, this the 20th day of December, 2014.

WITNESSES:                          PLACES OF RESIDENCE:

*Margaret Kelkin*                   *Dallas, Texas*

*Larry Ferguson III*                *Dallas, Texas*

Page 9 of my Will  *AGH*

THE STATE OF TEXAS       §
                                 §

COUNTY OF DALLAS       §

       BEFORE ME, the undersigned authority, on this day personally appeared **Albert Galatyn Hill, Jr.**, **Margaret Keliher**, and **Searcy Ferguson III**, known to me to be the Testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said **Albert Galatyn Hill, Jr.**, Testator, declared to me and to the said witnesses in my presence that said instrument is his Last Will and Testament, and that he had willingly made and executed it as Testator's free act and deed; and the said witnesses, each on his oath, stated to me, in the presence and hearing of the said Testator, that the said Testator had declared to them that said instrument is his Last Will and Testament, and that Testator executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testator and at Testator's request; that Testator was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

*ALBERT GALATYN HILL JR.*
                           **Albert Galatyn Hill, Jr.**, Testator

                           **Margaret Keliher**

                           **Searcy Ferguson III**

       SUBSCRIBED AND SWORN TO before me by the said **Albert Galatyn Hill, Jr.**, Testator, and **Margaret Keliher** and **Searcy Ferguson III**, witnesses, this 20th day of December, 2014.

GINGER ORMAN
MY COMMISSION EXPIRES
October 10, 2018

                           Notary Public



FILED
12/7/2017 3:43 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

PR-17-04117-2

CAUSE NUMBER _____

| | | |
|---|---|---|
| ESTATE OF | § | IN PROBATE COURT |
| | § | |
| ALBERT GALATYN HILL, JR., | § | NUMBER _____ OF |
| | § | |
| DECEASED | § | DALLAS COUNTY, TEXAS |

## APPLICATION FOR PROBATE OF WILL
## AND ISSUANCE OF LETTERS TESTAMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

    **Tyree B. Miller** ("Applicant") furnishes the following information to the Court for the probate of the written Will of **Albert Galatyn Hill, Jr.** ("Decedent"), and for issuance of Letters Testamentary to **Tyree B. Miller**:

    1.    Applicant is an individual interested in this Estate, is a resident of the State of Texas, and may be served with citation at 47 Highland Park Village, Suite 201, Dallas, Dallas County, Texas 75205.

    (a)    The last three numbers of Applicant's driver's license number are 472.

    (b)    The last three numbers of Applicant's social security number are 165.

    2.    Decedent died on December 2, 2017, in Dallas, Dallas County, Texas, at the age of 72 years, and four years have not elapsed since the Decedent's date of death.

    (a)    The Decedent did not have a driver's license.

    (b)    The last three numbers of Decedent's social security number are 357.

    3.    This Court has jurisdiction and venue because Decedent was domiciled and had a fixed place of residence in this County on the date of death.

    4.    Decedent owned real property and personal property described generally as home, cash, securities, household goods, and personal effects with a probable value in excess of $25,000.00.

    5.    Decedent left a valid written Will ("Will") dated December 20, 2014, which was never revoked and is filed herewith and there are no handwritten lists or codicils thereto that were executed by the Decedent.  At the time the Will was executed, the Decedent was eighteen years of age or over.

    The subscribing witnesses to the Will are **Margaret Keliher** and **Searcy Ferguson III.** Both of these witnesses were at least fourteen years of age at the time the Will was executed.

    The Will was self-proved in the manner prescribed by law.

    6.    No children were born to or adopted by Decedent after the date of the Will.

CAUSE NUMBER _____

7.   Decedent was not divorced, nor did he have a marriage annulled or declared void, after the Will was executed.

8.   A necessity exists for the administration of this Estate.

9.   Decedent's Will named **Tyree B. Miller** to serve without bond or other security as Independent Executor, and **Tyree B. Miller** is not disqualified by law from serving as such or from accepting Letters Testamentary, and **Tyree B. Miller** is entitled to such Letters. **Tyree B. Miller** is domiciled in and resides at 5930 Lupton Drive, Dallas, Texas 75225.

10.   Neither the State, nor a governmental agency of the State, is named as a devisee under the Will.

11.   The following charitable organizations are beneficiaries under the Will:

(a)   Al G. Hill, Jr. Family Foundation; and

(b)   Al G. Hill, Jr. Charitable Lead Annuity Trust.

Applicant prays that citation be issued as required by law to all persons interested in this Estate, that the Will be admitted to probate; that Letters Testamentary be issued to **Tyree B. Miller**; and that all other orders be entered as the Court may deem proper.

Respectfully submitted,

BOURLAND, WALL & WENZEL, P.C.

By: _____
Jeffrey N. Myers
State Bar No. 00791328

Bourland, Wall & Wenzel, P.C.
301 Commerce Street, Suite 1500
Fort Worth, Texas  76102-4115
PHONE: (817) 877-1088
FAX: (817) 877-1636
EMAIL:  jmyers@bwwlaw.com

David J. Goodman
State Bar No. 24012714

Bourland, Wall & Wenzel, P.C.
301 Commerce Street, Suite 1500
Fort Worth, Texas  76102-4115
PHONE: (817) 877-1088
FAX: (817) 877-1636
EMAIL:  dgoodman@bwwlaw.com

CAUSE NUMBER _____

Margaret C. "Megan" Sanders
State Bar No. 24079794

Bourland, Wall & Wenzel, P.C.
301 Commerce Street, Suite 1500
Fort Worth, Texas  76102-4115
PHONE: (817) 877-1088
FAX: (817) 877-1636
EMAIL: msanders@bwwlaw.com

ATTORNEYS FOR APPLICANT